UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MYRON A. NASH, | ) | CASE NO.   5:02 CR 498 |
|  | ) | 5:09 CV 1545 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) |  |
| UNITED STATES OF AMERICA, | ) | <u>MEMORANDUM OPINION</u> |
|  | ) | <u>AND ORDER</u> |
| Respondent. | ) |  |

This matter comes before the Court upon Myron Nash's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  (ECF #29.)  Petitioner claims that his counsel was ineffective in her representation pertaining to a supervised release violation hearing and subsequent request to correct an error the record relating to that hearing, and that this resulted in an improper sentence for the violation(s).

**I.**

On September 15, 2008, this Court held a violation hearing and found the Petitioner to be in violation of his terms of supervised release.  This finding was based on the Petitioner's admission that he had been convicted of possession of marijuana in state court while on supervised release.  His state court conviction was based on his entry of a plea of no contest.  This Court sentenced the Defendant to 40 months imprisonment, with no supervision to follow for the violation of his terms of supervision.   The order sentencing the Petitioner mistakenly indicated that the Defendant also admitted to a violation for failing to provide a monthly supervision report for the month of August 2008.  Consequently, Petitioner's counsel filed a

motion to Amend/Correct Order to correct this error. The Court granted the Motion to Amend. This did not affect Petitioner's sentence on the violation. Petitioner did not file a direct appeal, but subsequently filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside, or correct his sentence.

## II.

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

## III.

Petitioner claims in his Motion, that he was denied his Sixth Amendment right to effective assistance of counsel because his counsel was ineffective for filing the motion to correct, and that this resulted in the Court committing a sentencing error.  The Petitioner's claim for ineffective assistance of counsel is baseless.   In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment."  *Id.*  Judicial scrutiny of counsel's performance must be "highly deferential."  *Id.* at 689.

The recitation of facts set forth in the Government's Response to the Petitioner's Motion for Relief accurately reflects the relevant events as they transpired.  They are, therefore, adopted by this Court as if rewritten, herein.

 The Petitioner has failed to offer any facts or evidence to support his allegations of ineffective assistance of counsel.   Nash's counsel provided effective assistance throughout the relevant proceedings.  Further, she was diligent in reviewing the Court's Order and seeking corrections to ensure that her client's interests were fully protected.  She in no way fell below the "objective standard of reasonableness" required by Strickland. Further, Nash has failed to provide any evidence or even speculation as to how his counsel's actions may have, in any way, prejudiced the outcome of his case, or negatively impacted the sentence he received.

The Motion to Amend/Correct Order had no impact on the sentence imposed by the Court.  The 40 month sentence had been imposed based on the information provided at the

3

hearing.  Nash admitted at the hearing that he had been convicted in state court based upon his no contest plea to the charges.  Accordingly, this Court was required, pursuant to 18 U.S.C. § 3583(g)(1) to revoke his supervision.  A "no contest" plea, though not a specific admission of all of the facts alleged, is "tantamount to an admission of guilt."  Lott v. United States, 367 U.S. 421, 426 (1961).   A "no contest" plea, followed by a conviction on those charges unquestionably constitutes a violation of Petitioner's terms of supervised release.   Therefore, Petitioner's sentence was proper under the relevant statute and was Constitutionally sound.  Because Petitioner has offered no evidence or argument that would meet the requirements set forth in *Strickland* with respect to his ineffective assistance of counsel claims, this claim is dismissed.

### IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition.  28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Nash has failed to make a substantial showing of the denial of a constitutional right, and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

5

**V.**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #29) is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

       /s/ Donald C. Nugent
      DONALD C. NUGENT
      United States District Judge

DATED:   August 28, 2009